IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID EDWARD POSIVAL, | § | |
|    Petitioner, | § | |
| | § | |
| v. | § | C.A. No. C-05-256 |
| | § | |
| WARDEN JOE DRIVER, | § | |
|    Respondent. | § | |

### AMENDED MEMORANDUM AND RECOMMENDATION
### TO GRANT RESPONDENT'S
### MOTION TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Petitioner David Edward Posival is a federal inmate incarcerated at the Federal Corrections Institute in Three Rivers, Texas. Proceeding *pro se,* he filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on May 23, 2005, (D.E. 1), along with a supporting memorandum, (D.E. 2), and two other documents that the undersigned magistrate judge construes as supporting memoranda. (D.E. 3, 4). On August 2, 2005, respondent, through the United States Attorney, filed a motion to deny the petition. (D.E. 14). Petitioner filed a response, (D.E. 15), which the undersigned magistrate judge has also considered. For the reasons set forth herein, it is respectfully recommended that respondent's motion to deny relief be granted, and that the petition be denied. Additionally, it is respectfully recommended that petitioner's "Motion to Proceed" and its supplement, (D.E. 3, 4), be construed as

1

memoranda supporting the petition. To the extent additional relief is sought in the motion to proceed, (D.E. 3), it is respectfully recommended that the motion be denied.

## I. BACKGROUND FACTS AND PROCEEDINGS

On May 10, 2002, a federal grand jury in the Corpus Christi Division returned an indictment charging petitioner with being a convicted felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 924(g)(1) and 924(a)(2). (Cr. C-00-182, D.E. 1, 26). Petitioner pleaded not guilty and was tried by a jury. (Cr. C-00-182, D.E. 6, 15-26). On July 10, 2000, the jury returned a guilty verdict. (Cr. C-00-182, D.E. 26). He was sentenced on September 25, 2000 to 115 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. The sentencing court also imposed a $1,000 fine and a $100 special assessment. (Cr. C-00-182, D.E. 38, 39).

At sentencing, petitioner's base offense level under the guidelines was increased by two levels because of the sentencing court's finding that he possessed a stolen firearm, pursuant to U.S.S.G. § 2K2.1(b)(4). (See D.E. 2 at 1; D.E. 14 at 2-3). Judgment of conviction was entered against petitioner on September 28, 2000. (Cr. C-00-182, D.E. 39).

Petitioner appealed from the judgment of conviction and sentence, (Cr. C-00-

182, D.E. 40, 43), and was appointed new counsel to represent him on appeal.  (Cr. C-00-182, D.E. 45, 46).  The Fifth Circuit affirmed the conviction and sentence in an unpublished opinion entered April 27, 2001.  (Cr. C-00-182, D.E. 51, 52).  One of the issues raised on appeal was that the Court erred in finding that he possessed a stolen firearm.  The Fifth Circuit rejected his argument, reasoning that:

> [t]he evidence amply supported a finding that Posival possessed a firearm which had been stolen.  The fact that he did not know it was stolen is irrelevant under U.S.S.G. § 2K2.1(b)(4). See U.S.S.G. § 2K2.1, comment (n.19) ("The enhancement ... applies whether or not the defendant knew or had reason to believe that the firearm was stolen ...").

(Cr. C-00-182, D.E. 52 at 3; United States v. Posival, 254 F.3d 71 (5th Cir. 2001) (unpublished)).

Petitioner filed a timely motion under 28 U.S.C. § 2255 on April 25, 2002.  (Cr. C-00-182, D.E. 54-55, 58).  Among other arguments, he challenged his trial counsel as constitutionally ineffective.[1]  He also argued that 18 U.S.C. § 922(g)(1) was both unconstitutional on its face and as applied.  (Cr. C-00-182, D.E. 54-55).

---

[1] As summarized by the Court in its order denying his § 2255 motion, petitioner's ineffective assistance claim alleged: "(a) that he was not informed of the benefits of pleading guilty nor was he informed that his defenses would have been better presented within a guilty plea, (b) that he was not informed of the elements of the crime, (c) that he was not informed of the viability of defenses to the crime, (d) that trial counsel deprived him of an opportunity to present grounds to the Court for a downward departure in sentencing, (e) that trial counsel failed to subpoena critical witnesses and (f) that trial counsel was ineffective for failing to challenge the constitutionality of the federal felon in possession statute." (D.E. 60 at 3-4).

The Court denied the motion in its entirety by order entered October 3, 2002. (Cr. C-00-182, D.E. 60). The Court also denied a certificate of appealability. (Cr. C-00-182, D.E. 63). Petitioner subsequently sought a certificate of appealability from the Fifth Circuit, which was denied on April 23, 2005. (Cr. C-00-182, D.E. 64).

On February 28, 2005, petitioner requested authorization from the Fifth Circuit to file a successive § 2255 motion, which the Fifth Circuit denied on March 31, 2005. United States v. Posival, No. 05-40251 (March 31, 2005 order denying motion to file a successive 2255 motion). Petitioner then filed this action.

At the same time he filed his petition and supporting memorandum, petitioner also filed two additional memoranda. (D.E. 3, 4). The first is styled as a "Motion to Proceed," and provides his arguments and reasoning as to why he should be permitted to proceed under § 2241 and the savings clause of § 2255. (D.E. 3). The second is a supplement to his motion to proceed and presents his arguments as to why United States v. Booker, 125 S. Ct. 738 (2005) should be applied retroactively. (D.E. 4). Because the motion and its supplement advance arguments in direct support of his § 2241 motion and do not ask for independent relief, the undersigned magistrate judge has construed those two documents as supplemental memoranda in support of his petition.

Respondent has filed a response and a motion to deny relief. (D.E. 14). It

argues that the relief sought by petitioner is properly brought in a § 2255 motion, and that his claims do not fall within the savings clause of that statute. Petitioner's reply, (D.E. 15), reiterates many of the arguments in his earlier-filed memoranda.[2]

## II.  PETITIONER'S ALLEGATIONS

In his petition, petitioner argues that the Court's two-level increase in his offense level, which was based on the fact that the firearm was stolen, was improper on a number of grounds. As a factual matter, he claims that the shotgun was never reported as stolen to the police, and that a report prepared by an ATF agent on which the enhancement was based was not entered into evidence and was unauthenticated. Thus, he claims that the enhancement was improper.

Petitioner also argues that the enhancement violated his Sixth Amendment and due process rights because the facts supporting the enhancement were not found by a jury beyond a reasonable doubt, relying on Booker. See Padilla v. United States, 416 F.3d 424, 426 n.1 (5th Cir. 2005) (per curiam) (summarizing the background and holdings of Booker). Additionally, he argues that the enhancement constituted a "surprise" because he was not given the Presentencing Report containing the enhancement at least ten days prior to sentencing.

---

[2] Because the undersigned magistrate judge issued an order vacating the original memorandum and recommendation, (D.E. 20), petitioner's objections, (D.E. 19), to that original memorandum and recommendation have also been considered in this amended memorandum and recommendation.

5

His final claim is that the "reasonable doubt" instruction given to the jury was constitutionally deficient. At first glance, this claim appears unrelated to the shotgun enhancement. Upon close inspection of his supporting memorandum, however, it is evident that he is challenging the fact that the jury was not required to find the enhancement beyond a reasonable doubt. Thus, his final claim, too, is a challenge to his enhancement based on Booker.

### III. DISCUSSION

**A.  The Interplay of § 2255 and § 2241.**

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence.... Section 2241 is used to attack the manner in which a sentence is executed. A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255.... Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective....
>
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective.... [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000) (per curiam) (italics in

original) (internal citations omitted); see also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

Thus, a § 2241 petition which attacks errors that occurred at trial or sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452. There is an exception to this rule, however, as discussed in Tolliver. Specifically, a § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.

The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. Regarding this test, the Fifth Circuit has held that:

> [T]he savings clause of § 2255 applies to a claim (i) that is

> based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the "remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention." Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (italics in original) (citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. Pack, 218 F.3d at 452-453 (citations omitted). Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

Here, all of petitioner's claims attack proceedings before and during sentencing. Thus, he seeks relief that is available not pursuant to § 2241, but pursuant to § 2255. His petition recognizes this, but he argues that his claim falls

8

within the savings clause of § 2255, and thus may be brought in a § 2241 motion. (See generally D.E. 3). For the reasons set forth in the next section, the undersigned magistrate judge disagrees. It is respectfully recommended that petitioner's claim does not fall within the savings clause and his petition should be denied.

**B.      The Savings Clause of § 2255 Is Inapplicable to Petitioner's Claims.**

Petitioner argues that his claims fall within the savings clause because they rely on a retroactively applicable Supreme Court decision, i.e., Booker. (See generally D.E. 3). It is respectfully recommended that his argument is foreclosed by the Fifth Circuit's recent decision in Padilla. See 416 F.3d at 427.

Like petitioner here, the petitioner in Padilla sought relief pursuant to § 2241, arguing that his claims fell within the savings clause of § 2255. In pertinent part, he argued that the sentencing court had improperly enhanced his sentence by two levels for possession of a deadly weapon, because the enhancement was unconstitutional under the Supreme Court's decisions in Booker and its predecessor, Blakely v. Washington, 542 U.S. 296 (2004). Both cases were decided after his sentencing.

The district court determined that the appropriate vehicle for Padilla's claims was a § 2255 motion, construed his petition as a § 2255 motion, and dismissed the

petition as "second or successive." Padilla, 416 F.3d at 425. On appeal, the Fifth Circuit held that, in order to show that his claims fell within the savings clause, the petitioner had to show that he was asserting a claim of actual innocence:

> (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion.

Id. at 426 (quoting Reyes-Requena, 243 F.3d at 893).

In addressing Padilla's Booker claim, the Fifth Circuit noted first that his claim challenging the enhancement of his sentence failed to satisfy the first Reyes-Requena prong because Booker's holding is not retroactively applicable to cases on collateral review. 416 F.3d at 427. Moreover, the sentence enhancement, even if violative of the general principles of Booker, did not "demonstrate that Padilla was convicted of a nonexistent offense, and has no effect on whether the facts of his case would support his conviction for the substantive offense." Id.

There are no meaningful distinctions between Padilla and petitioner's case that would warrant a different result here. Instead, Padilla is controlling in this case. As with the petitioner's claims in Padilla, the claims in this petition do not satisfy the first Reyes-Requena prong.

It is also worth noting that petitioner cannot establish that he is innocent of

the firearm charge. According to the Fifth Circuit's opinion affirming his conviction, "the evidence amply supported" a finding that he possessed a stolen firearm. (Cr. C-00-182, D.E. 52 at 3). "'Actual innocence' for the purposes of our savings clause test could only be shown if [petitioner] could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that did not constitute a crime." Jeffers v. Chandler, 253 F.3d 827, 831 (5th Cir. 2001) (per curiam). He clearly has not made such a showing.

For all of the foregoing reasons, it is respectfully recommended that petitioner's claims do not entitle him to proceed under the savings clause.

**C.  Construed As A § 2255 Motion, Petitioner's Motion is Second or Successive, and Is Not Properly Before The Court.**

Where a petitioner is not entitled to proceed under the savings clause and § 2241, it is appropriate for the Court to construe his petition as a motion pursuant to § 2255. Pack, 218 F.3d at 452 ("A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion."). Thus, it is respectfully recommended that petitioner's motion is properly construed as a § 2255 motion.

The Fifth Circuit has made clear that a motion is not "second or successive" merely because it is numerically a second or subsequent motion. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Instead, a motion is "second or

successive" when it: "(1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised in an earlier petition</u>; or 2) otherwise constitutes an abuse of the writ." <u>Id.</u> (citing <u>In re Cain</u>, 127 F.3d 234, 235 (5th Cir. 1998)) (emphasis added).  Petitioner's motion falls within the first category because it raises claims which could have been brought in his first § 2255 motion.  All of the factual predicates necessary for his claim were present at the time he filed his first motion.  Thus, the claims he raises in his petition could have been brought in his first § 2255 motion, and his claims are second or successive.

As a "second or successive" § 2255 motion, there are procedural steps that petitioner was required to take prior to bringing his motion.  Specifically, § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Therefore, Petitioner was required to seek and acquire the approval of the Fifth Circuit before filing a second § 2255 motion with this Court.  See Tolliver, 211 F.3d at 877; 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Although he sought such permission from the Fifth Circuit, it was denied.  Accordingly, it is respectfully recommended that the Court does not have jurisdiction over his § 2241 petition, if it is construed as a § 2255 motion.

## IV.  RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that respondent's motion to deny relief, (D.E. 14), be GRANTED and that petitioner's petition for relief pursuant to 28 U.S.C. § 2241, (D.E. 1-4), be DENIED. Additionally, it is respectfully recommended that his Motion to Proceed, (D.E. 3), be construed as a supplemental memorandum to his petition and DENIED insofar as it seeks permission from this Court to proceed pursuant to the savings clause of § 2255.

Respectfully submitted this 2nd day of December 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).